UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 3:14-CR-74-TBR

UNITED STATES OF AMERICA,                                                    PLAINTIFF

v.

TROY A. WIEBER,                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Troy A. Wieber's Motion for Release Based on Extraordinary and Compelling Reasons. [DN 131]. The Government responded, [DN 136], and Defendant replied, [DN 137]. This matter is ripe for adjudication. For the reasons set forth herein: Defendant's Motion for Release Based on Extraordinary and Compelling Reasons, [DN 131], is DENIED.

## BACKGROUND

On July 30, 2015, Defendant pled guilty to the following counts: conspiracy to possess with the intent to distribute methamphetamine; aiding and abetting possession with the intent to distribute methamphetamine; aiding and abetting possession with the intent to distribute marijuana; aiding and abetting possession with the intent to distribute methamphetamine; and possession with intent to distribute methamphetamine. [DN 95]. The Court sentenced Defendant for a total term of 120 months imprisonment. [DN 98].

Defendant now seeks to modify his sentence based on extraordinary and compelling reasons pursuant to the First Step Act of 2018. [DN 131]. In support of his motion, Defendant claims he has taken substantial steps during his incarceration to achieve the rehabilitation goals sought by the original sentence imposed, including (1) completion of a Residential Drug Abuse Program ("RDAP"); (2) completion of over 1,000 hours of programing; (3) creation of a service

1

called COPWATCH, for which he is currently seeking a provisional patent; (4) promotion to Primary Welder at the Big Sandy welding shop; and (4) passage of all urinalysis test while incarcerated. *See id.*

In response, the Government argues that Defendant's motion for release should be denied because he failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c). [DN 136]. The Court rejected this argument in its October 30, 2019 Memorandum and Order, finding that Defendant had satisfied the exhaustion requirement. [DN 138]. Subsequently, the Government filed a second response requesting the Court reconsider its prior ruling and also arguing that Defendant's motion should denied on the merits. [DN 142 at 776].

## LEGAL STANDARD AND ANALYSIS

When determining whether to grant compassionate release, courts must first determine whether extraordinary and compelling reasons justify a sentence reduction. *United States v. Marshall*, No. 3:16CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020) (citing 18 U.S.C. 3582(c)(1)(A)). Congress has not defined what constitutes an "extraordinary and compelling" reason; however, it has charged the Sentencing Commission with "describing what should be considered extraordinary and compelling reasons for sentence reductions, including the criteria to be applied and a list of specific examples." *United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at *4 (E.D. Va. Feb. 10, 2020) (quoting 29 U.S.C. § 994(t)). The Sentencing Commission Commentary provides that extraordinary and compelling reasons may exist in the following circumstances:

> (A) Medical Condition of the Defendant.
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples

include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, n.1.

Although Defendant's circumstances do not involve any of the specific reasons described in subsections (A)-(C), subsection (D) provides that "the Court may also consider other 'extraordinary and compelling reasons' not specifically articulated." *United States v. Walker*, No. 1:11 CR 270, 2019 WL 5268752 at *3 (N.D. Ohio Oct. 17, 2019).[1] However, "[p]ursuant to 28

---

[1] Although subsection (D) specifically states that the Director of the Bureau of Prisoners will determine whether there is an extraordinary or compelling reason for release, "a majority of the district courts that have considered the issue have likewise held, based on the First Step Act, that they have the authority to reduce a prisoner's sentence upon the court's independent finding of extraordinary or compelling reasons." *United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) (collecting cases).

U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13. Defendant acknowledges this provision, and argues that rehabilitation alone does not form the basis for his motion. [DN 144 at 810]. He states:

> Not only has the Defendant shown an extraordinary degree of rehabilitation, achieved the goals sought by his original sentence imposed, but his Case Manager, R. Slone, has told the probation officer that the Defendant has furthered his education, completed RDAP, and completed a list of other programs that would help him transition in to the community once released from prison. Mr. Slone maintains that Mr. Wieber is a "Model Example" to the other inmates. This fits the definition of extraordinary in Black's Law Dictionary which reads: Beyond what is usual, customary, regular or common.

*Id.* (internal citations omitted). Defendant also cites several compassionate release cases in support of his position. *See United States v. Peterson*, No. 7:12-CR-15-1BO, 2019 U.S. Dist. LEXIS 93480 (E.D.N.C. June 4, 2019); *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019); *United States v. Walker*, No. 1:11 CR 270, 2019 WL 5268752 (N.D. Ohio Oct. 17, 2019). However, these cases are unpersuasive given that extraordinary and compelling reasons for release were found primarily because of the defendants' age, medical condition, time served, or a specific injustice, not because of their rehabilitation. *See Peterson*, 2019 U.S. Dist. LEXIS 93480 at *4 ("In this case, there is no genuine dispute that Peterson's age, medical conditions, and the amount of time he has served would satisfy the criteria for demonstrating extraordinary and compelling circumstances."); *Urkevich*, 2019 WL 6037391 at *4 ("A reduction in his sentence is warranted by extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed."); *Walker*, 2019 WL 5268752 at *7–8 (finding extraordinary and compelling circumstances based on defendant's history, circumstances of crime, acceptance of responsibility, meaningful use of time

4

in prison, failing health of mother, extraordinary job opportunity, and minimum time left remaining on sentence).

In fact, since the passage of the First Step Act, district courts around the country have continued to deny motions for release based solely on the rehabilitation of the defendant. For example, in the Eastern District of Kentucky, a defendant requested release on the basis that "[h]e has an ideal prison record and is the prototype of a successfully rehabilitated individual." *United States v. Washington*, No. CR 5:13-020-DCR, 2019 WL 6220984, at *2 (E.D. Ky. Nov. 21, 2019). Moreover, the defendant's motion for release included "descriptions of impressive academic achieves and exemplary conduct." *Id.* Despite the defendant's accomplishments, the court noted that "[t]he language of § 994(t) evidences clear congressional intent to bar relief based on rehabilitation alone, and no provision of the Act indicates that courts should disregard the corresponding Application Note 3." *Id.* Thus, the court concluded that the defendant's rehabilitation was an insufficient basis for § 3582(c)(1)(A)(i) relief. *Id.*; *see also United States v. Zullo*, No. 1:09-CR-64-02, 2019 WL 7562406, at *2–3 (D. Vt. Sept. 23, 2019) ("None of the principal criteria of poor health, family care needs, or old age apply to Zullo. His strongest argument concerns rehabilitation which in his case has been very successful—at least so far as one can tell on a paper record. But rehabilitation is specifically excluded as an independent basis for compassionate release."); *United States v. Booker*, No. 1:13-CR-00050, 2020 WL 830054, at *2 (N.D. Ohio Feb. 20, 2020) ("Booker points to his behavior and activities in prison as the extraordinary and compelling reason for his release. However, 'rehabilitation of the defendant alone' cannot serve as the basis for compassionate release."); *United States v. Brown*, 411 F. Supp. 3d 446, 453–54 (S.D. Iowa 2019) ("The Court does not see BOP Progress Reports like this often. One might even call it extraordinary and compelling. But while Congress largely left

5

'extraordinary and compelling reasons' undefined, it made clear rehabilitation, on its own, does not suffice. The Court considers—and applauds—Defendant's conduct, but it cannot release him on these grounds alone under § 3582(c).").

As in *Brown*, the Court applauds Defendant's behavior in prison and the activities he has undertaken to improve his life upon his release. However, the fact remains that "rehabilitation is specifically excluded as an independent basis for compassionate release." *Zullo*, 2019 WL 7562406, at *3. Therefore, the Court must DENY Defendant's motion at this time.[2]

## CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED**: Defendant's Motion for Release Based on Extraordinary and Compelling Reasons, [DN 131], is **DENIED**.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**
March 27, 2020

CC: Attorneys of Record

**Troy A. Wieber**
15693-033
BIG SANDY
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 2068
INEZ, KY 41224
PRO SE

---

[2] Since the Court has denied Defendant's motion on the merits, it declines to reconsider its prior ruling regarding the exhaustion of administrative remedies as requested by the Government. [DN 142].